Jasvir SINGH, Petitioner,

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–72038.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Dec. 10, 2007.

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Daniel E. Goldman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Jasvir Singh petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") dismissal of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] Singh waived any challenge to the denial of CAT relief by failing to raise it before the BIA, so we review only his claims for asylum and withholding of removal. *See Guo v. Ashcroft,* 361 F.3d 1194, 1199 n. 1 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency action. *See Singh v. Gonzales,* 491 F.3d 1019, 1023 (9th Cir. 2007). We review for substantial evidence the IJ's decision, *Shire v. Ashcroft,* 388 F.3d 1288, 1295 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Singh's problems stemmed from a personal dispute and not from persecution based on a protected ground. *See*

*Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001). Additionally, substantial evidence supports the IJ's determination that Singh was not credible based on his inconsistent testimony, his failure to credibly establish his identity, and his failure to plausibly explain how his father—who was allegedly a leader of the persecuted group—was able to continue living peacefully in their home village. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Singh did not establish that he was eligible for asylum, he also fails to demonstrate eligibility for withholding of removal. *See Farah,* 348 F.3d at 1156.
**PETITION DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10,

1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

